NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCY WOODS, INDIVIDUALLY, AND AS ADMINISTRATRIX AD PROSEQUENDUM FOR THE ESTATE OF TARA WOODS, DECEASED; CARMEN SUAREZ, INDIVIDUALLY, AND AS ADMINISTRATRIX AD PROSEQUENDUM FOR THE ESTATE OF RALPH HERNANDEZ, DECEASED; AND OLGA ALICIA MALAGA, INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM FOR THE ESTATE OF JESUS ANTONIO GONZALES; DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; *et al.*, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-CV-0593 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for reconsideration by Plaintiffs Lucy Woods, Individually, and as Administratrix ad Prosequendum for the Estate of Tara Woods, Deceased; Carmen Suarez, Individually, and as Administratrix ad Prosequendum for the Estate of Ralph Hernandez, Deceased; and Olga Alicia Malaga, Individually and as Administratrix ad Prosequendum for the Estate of Jesus Antonio Gonzales; Deceased. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based

upon the following, it is the finding of this Court that Plaintiffs' motion for reconsideration is **denied**.

I. **BACKGROUND**[1]

On September 22, 2005, the Special Agent in Charge ("SAC") of the Federal Bureau of Investigation's ("FBI") Newark Division authorized an undercover operation code-named "KING OF CLUBS" to investigate a criminal gang known as the "Latin Kings." (Mandrafina Dec. ¶¶ 4-5.) The KING OF CLUBS allegedly hosted meetings of criminal gang members, which were monitored by the FBI. (Complaint ¶ 66.) The KING OF CLUBS was located at 183-195 Railroad Avenue in Paterson, New Jersey (Complaint ¶¶ 26, 32.) The FBI utilized Lorenzo Gonzalez as a confidential informant relating to its efforts in the KING OF CLUBS. (Scala Dec. ¶¶ 4, 6.)

Plaintiff alleges that, on December 14, 2005, Gonzalez permitted Plaintiffs' decedents and others into the Railroad Avenue location, where they were shot during a robbery committed against them and Gonzalez by David Baylor, Hamid Shabazz, Reginald Barris and Beatriz Hernandez. (Complaint ¶¶ 71-81.) Gonzalez lived at the Railroad Avenue premises and was therefore able to permit people to enter. (Complaint ¶¶ 55, 56, 58, 59.) The FBI did not authorize him to engage in any otherwise illegal activity on the night the shootings occurred. (Scala Dec. ¶ 10.) The only allegedly illegal activity mentioned in the Complaint was selling alcohol and gambling.

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

Plaintiffs' arguments surround the manner in which the KING OF CLUBS was designed and operated in the selection and experience of Gonzalez and of the supervision of the Special Agents and Gonzalez. The design, implementation, operation and supervision of an undercover operation and the selection, training and supervision of a Special Agent or informant are classic discretionary functions for which the Federal Tort Claims Act has not waived sovereign immunity. See 28 U.S.C. § 2680(a).

On November, 1, 2007, this Court issued an Opinion and Order granting Defendants' FED. R. CIV. P. 12(b)(1) motion to dismiss.

## II.   STANDARD OF REVIEW

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(g) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Reconsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected. See Russell v. Levi, 2006 WL 2355476 *1-2 (D.N.J. Aug. 15, 2006); Oritani S&L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).

**III.     DISCUSSION**

Plaintiffs' motion for reconsideration is denied because Plaintiffs fail to identify any intervening change in the controlling law, any evidence previously unavailable and have identified no clear error of law or manifest injustice.

On November 12, 2007, Plaintiffs filed another motion for reconsideration, which was terminated. Again, on November 13, 2007, Plaintiffs filed a motion for reconsideration, which was administratively terminated by the Clerk of the Court because the motion was "incomplete and improperly submitted." Today, the Court turns its attention to Plaintiffs' November 14, 2007 motion for reconsideration and the supporting arguments found in the corresponding briefs.

Plaintiff merely reargues points proffered in their original opposition to Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1). For example, Plaintiffs argue the question of which party carries the burden to demonstrate that the Court has jurisdiction, which has already been addressed in this Court's November 1, 2007 Opinion. In addition, Plaintiffs argue – again – that the Government violated mandatory guidelines. Plaintiffs have already argued, and this Court has ruled, on this issue. Plaintiffs' belated attempt to distinguish Pooler v. United States, 787 F.2d 868 (3d Cir. 1986), fails to raise any new authority and the cited language does not "specifically distinguish[]" Pooler from the current case. The current case does not involve "the use of an undercover agent or informant" with "known tendencies toward violence." The Court properly applied Pooler in the November 1, 2007 Opinion.

Plaintiffs fail to identify an issue for reconsideration and, therefore, Plaintiffs' motion for reconsideration is **denied**.

**IV.**     C<small>ONCLUSION</small>

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.


                                                                 S/ Dennis M. Cavanaugh
                                                                Dennis M. Cavanaugh, U.S.D.J.

Date:           January 17, 2008
Orig.:          Clerk
cc:             All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File

5